**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| DAVID MAGEE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:08-CV-0079 PS |
| | ) | |
| JOSEPH STITSWORTH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff David Magee, a prisoner confined at St. Joseph County Jail, submitted a complaint pursuant to 42 U.S.C. § 1983, alleging that South Bend Police Officer Joseph Stitsworth used excessive and unnecessary force when he arrested Magee. Pursuant to 1915A(a), the court must review the merits of a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, does not state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead the Court held that the factual allegations in the

complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 2200. In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."*Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007)**.**

     Magee alleges that Officer Stitsworth arrested him on August 17, 2007. He states that he did not resist arrest and allowed himself to be handcuffed. Then, while he was sitting quietly in the police car, Officer Stitsworth tased him even though he "was not resisting arrest and was already subdued in restraints i.e. handcuffs." (Complaint at p. 3).

    "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394, (1989). "[A]*ll* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Id.* at 395 (emphasis in original). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful

balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id*. at 396, quoting *United States v. Place*, 462 U.S. 696, 703 (1983).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and provides that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Magee the benefit of the inferences to which he is entitled at the pleadings stage, his allegation that Officer Stitsworth used a taser gun on him even though he did not resist arrest and was already in handcuffs is sufficient to state a Fourth Amendment claim upon which relief can be granted under § 1983.

Magee also names the City of South Bend and the South Bend Police Department as defendants. He alleges that these entities are "directly responsible for the actions of all SBPD employees" (Complaint at p.5), and were "grossly negligent" for not looking into his allegations against Officer Stitsworth.

Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person cannot be held liable for damages under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir.

3

1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which an employer, such as a municipality, may be held liable for an employee's actions, has no application to § 1983 actions. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993); *Adams v. Pate*, 445 F.2d 105, 107 n.2 (7th Cir. 1971).

     Municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Accordingly, a plaintiff must establish the existence of an official policy or custom by proving the existence of an express municipal policy that caused the alleged violation of his rights, *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994), or by establishing the existence of a practice or custom so widespread or persistent that it rises to the level of a policy which can fairly be attributed to the municipality. *Jett v. Dallas Independent School District*, 491 U.S. 701, 737 (1989). To establish a widespread practice or custom, a plaintiff must establish that city officials knew of the problem, yet did nothing to solve it. *Dye v. Wargo*, 253 F.3d 296, 299. (7th Cir. 2001).

     The court does not read Magee's complaint as even alleging that Officer Stitsworth tased him as a result of a policy established by the City of South Bend or its police department or as a result of a widespread practice or custom. According to the complaint, Officer Stitsworth acted against him because of an earlier incident involving the two of them. That municipal or police officials may not have looked into his complaint against Officer Stitsworth after his arrest states no claim upon which relief can be granted. That officials ignore or deny a prisoner's grievance does not violate the prisoner's federally protected rights. *Wilson v. VanNatta*, 291 F.Supp.2d

4

811, 819 (N.D.Ind. 2003). Accordingly, the court will dismiss the official capacity damage claims against the City of South Bend and the South Bend Police Department.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendant Joseph Stitsworth for damages in his personal capacity on the plaintiff's Fourth Amendment claim that he used excessive and unnecessary force against the plaintiff;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); **DISMISSES** all other claims and defendants;

3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendant Stitsworth respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendant Stitsworth on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

**SO ORDERED**.

ENTERED: May 6, 2008

                                           /s Philip P. Simon
                                           Philip P. Simon, Judge
                                           United States District Court