# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DAVID MAGEE, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Cause No. 3:08-CV-0079 PS |
| JOSEPH STITSWORTH, *et al.*, | ) ) ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Plaintiff David Magee submitted a complaint pursuant to 42 U.S.C. § 1983, alleging that South Bend Police Officer Joseph Stitsworth used excessive and unnecessary force when he arrested Magee. The court screened the complaint pursuant to 1915A(a) and concluded that Magee's claim that Officer Stitsworth used a taser gun on him even though he did not resist arrest and was already in handcuffs was sufficient to state a Fourth Amendment claim upon which relief could be granted under § 1983.

This matter is before the court on the plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56. Magee does not seek judgment based on the merits — rather he seeks judgment in his favor because of an alleged failure by the defendant to promptly respond to a discovery request. According to the plaintiff, he requested production of documents from the defendant on March 22, 2009, and on April 27, 2009, he followed up on his request with a letter to the defendant's counsel. Magee argues that "(silence) is an admission of guilt to all facts unless replied to," (DE 46 at p. 2), and contends that the defendant's alleged failure to timely respond to his motion for production of documents constitutes an admission of guilt justifying summary judgment in his favor.

The defendant has responded to McGee's motion for summary judgment, stating that he did respond to the plaintiff's request for production of documents, but that initially his counsel "erroneously mail[ed] said documents to an out of date address." (DE 47 at p. 1). He further states that his "counsel re-sent the discovery materials to Plaintiff's correct address and sent a cover letter (Exhibit 'A') to Plaintiff explaining the misunderstanding." (*Id.*). McGee has replied to the defendant's response. He does not contest the defendant's statement that he now has the documents he sought from the defendant. But he does advise the court that he wrote to the mail clerk at the Reception and Diagnostic Center, who responded that any legal mail received at the Reception and Diagnostic Center would have been forwarded to the plaintiff[1] and that there is no record of "any legal mail logged in for you." (DE 51-1 at p. 2).

Failure to respond to Requests for Admissions pursuant to Fed. R. Civ. P. 36 may lead to the court deeming the requests to be admitted by the non-responding party. But the document in question was not a request for admissions; it was a request for production of documents. Failure to respond to a request for production of documents does not result in an "admission of guilt" by a party, and even if the defendant had entirely failed to respond to the plaintiff's request for production of documents it would not justify the court deeming him as having admitted guilt to the substantive charge against him. The plaintiff does not assert that he suffered any actual harm from the delay in receiving the defendant's responses to his discovery request, and there is no basis here justifying the extraordinary step of granting summary judgment against the defendant as a sanction for his delayed response to the plaintiff's discovery request.

---

[1] The court is aware, however, that many mailings from this court to inmates at the Reception and Diagnostic Center have been returned to the clerk of this court as undeliverable because the inmate to whom the mail was addressed was no longer at the Center.

For the foregoing reasons, the court **DENIES** the plaintiff's motion for summary judgment (DE 46).

**SO ORDERED**.

**ENTERED**: June 26, 2009

                                                 /s Philip P. Simon
                                                 Philip P. Simon, Judge
                                                 United States District Court