UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID MAGEE, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Cause No. 3:08-CV-0079 PS |
| JOSEPH STITSWORTH, *et al.*, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On August 17, 2007, South Bend Police officers Joseph Stitsworth and Christopher Camparone were dispatched to the scene of a disturbance being caused by David Magee. Magee was eventually placed him under arrest by the officers and in the process he was tased in the leg after refusing repeated requests by the officers to put his legs in the police car. The court dismissed defendants City of South Bend and South Bend Police Department pursuant to 28 U.S.C. § 1915A(b)(1), and the remaining defendant, Officer Stitsworth, has moved for summary judgment. The parties' summary judgment submissions establish that Magee was intoxicated and uncooperative during the arrest, and that Officer Stitsworth tased him in the leg after unsuccessfully giving Magee verbal orders to get his legs inside the police car.

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Id*. A party opposing a properly supported summary judgment motion "may not rely merely on allegations or denials in its own pleading" but rather must introduce affidavits or other evidence to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). To determine whether a genuine issue of material fact exists, the Court must review the record, construing all facts in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003) (citing *Anderson*, 477 U.S. at 255).

Magee alleges that Officer Stitsworth tased him even though he did not resist arrest and was already in handcuffs seated calmly in the back seat of the police car. All claims that law enforcement officers have used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its reasonableness standard. *Richmond v. Sheahan*, 512 F.3d 876, 882 (7th Cir. 2008). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Conner*, 490 U.S. 386, 396 (1989) (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)).

In support of his motion for summary judgment, Officer Stitsworth submits his own affidavit and Magee's answers to interrogatories. In response, Magee submits his own affidavit, a South Bend Police Department Case report prepared by Officer Camparone dealing with the arrest, and the abstract of judgment memorializing the criminal convictions he received as a result of this incident.

2

Officer Stitsworth states in his affidavit that after they handcuffed Magee, he and Officer Camparone unsuccessfully tried to get Magee into a police car to be transported to jail. Officer Stitsworth states that he "ordered Plaintiff to put his legs/feet inside the vehicle no fewer than eight times," (DE 52 ¶ 8), and "[t]hat after Plaintiff continued to refuse to put his legs inside the vehicle, I deployed my police Taser one time to the Plaintiff's upper right leg." (DE 52 ¶ 9). According to Officer Stitsworth, the "Plaintiff then cooperated and placed his legs inside the vehicle and I was able to close the door of the vehicle so that Officer Camparone was able to transport Plaintiff to the St. Joseph County Jail." (DE 52 ¶ 10). In his report, Officer Camparone states that "David also refused to get in the car when we told him to get in the back seat. When he refused to put his legs in [the car] Ptlmn Stitsworth pulled his taser and drive stunned David in the leg." (DE 55-1 at 7).

In his own affidavit, Magee does not reiterate the allegation made in the complaint that he was sitting quietly in the vehicle when Officer Stitsworth tased him. Instead, he does not deny the officers' claim that he did not comply when they ordered him to put his legs inside the police car. Indeed, Magee admits that Officer Stitsworth asked "Mr. Magee no more than 2 times to put his leg in [the] car before Officer Stitsworth tased Mr. Magee." (DE 55-2 ¶ 13). So the difference between what Magee says took place and what Stitsworth says occurred only relates to the number of times Magee was told to put his legs in the car.

"The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979); the question is "whether the

totality of the circumstances" justifies the officers' actions. *Graham*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)).

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight," and "the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments --in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-397. "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,'" violates the Fourth Amendment. *Graham*, 490 U.S. at 396 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033 (1973)). The question in a Fourth Amendment excessive force case is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 441 U.S. at 497. Courts should take into account the totality of the facts confronting the officer and the begin their analysis from the moment the officer first has contact with the suspect "in order to place the officer's conduct in context." *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 592 (7th Cir. 1997), *cert. denied,* 522 U.S. 1116 (1998).

As the nonmoving party, the Court must accept the evidence in the light most favorable to Magee. *Heft v. Moore*, 351 F.3d at 282. The parties agree that Officers Stitsworth and Camparone were dispatched to investigate a complaint that a black male, later identified as Magee, was causing a disturbance in a neighborhood. According to Officer Camparone's report, Magee was intoxicated and disruptive. (DE 55-1, at 6). Magee admits that he had been drinking (DE 48-2, at 6), and he submitted an abstract of judgment establishing that he was convicted of

4

public intoxication as a result of this incident. (DE 55-1, at 7). Accordingly, even the evidence most favorable to the plaintiff establishes that Magee was intoxicated during this incident.

Officer Stitsworth states in his affidavit that when he arrived at the scene he "asked Plaintiff to leave the area, but instead of leaving, Plaintiff pointed his hand at Affiant and his partner as if it were a gun and stated 'pop, pop, pop,'" (DE 52 ¶ 5), and that after Magee was handcuffed, he "looked at Affiant and stated 'I will kill you.'" (*Id.* ¶ 7). Officer Camparone also states that Magee made the "gesture and popping noises" described by Officer Stitsworth twice, without explanation, before falling to the ground, and that he threatened to kill Officer Stitsworth. (DE 55-1, at 6). In his affidavit, Magee concedes that he pointed his hand at the officers, as described in Officer Stitsworth's affidavit, but explains that before he dropped to the ground, "Mr. Magee made hand gestures to indicate that someone had killed his sister Cookie . . . ." (DE 55-2 ¶ 8). Magee denies having threatened to kill Officer Stitsworth (*Id.* ¶ 12), but he submitted an abstract of judgment establishing that he was convicted of intimidation as a result of this incident. (DE 55-1, at 7). Accordingly, even the evidence most favorable to the plaintiff suggests that even if he did not threaten to kill Officer Stitsworth, he acted in a manner that could easily have been construed by Officers Stitsworth and Camparone as threatening and intimidating.

Finally, the parties agree that after Magee was handcuffed, the officers tried unsuccessfully to get him into the patrol car, that Officer Stitsworth ordered Magee to put his legs in the car, and when Magee did not comply he tased Magee once in the leg. As noted above, the parties disagree on how many times Officer Stitsworth ordered Magee to put his legs in the car before acting, but even the evidence most favorable to the plaintiff establishes that he did not respond to repeated orders to get his legs into the car.

5

The question before the court is "whether the totality of the circumstances" justifies Officer Stitsworth's actions. *Graham*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). In *Bell v. Irwin*, the Seventh Circuit stated:

> When material facts are in dispute, then the case must go to a jury, whether the argument is that the police acted unreasonably because they lacked probable cause, or that they acted unreasonably because they responded overzealously or with too little concern for safety. But when material facts (or enough of them to justify the conduct objectively) are undisputed, then there would be nothing for a jury to do <u>except</u> second-guess the officers, which *Graham* held must be prevented. Since *Graham* we have regularly treated the reasonableness of force as a legal issue, rather than an analog of civil negligence. This appears to be the accepted rule; the Bells do not cite, and we could not find, any post-*Graham* appellate opinion holding that the reasonableness of using force is a jury question even if no factual disputes require resolution.

321 F.3d 673, 640 (7th Cir. 2003) (emphasis in original, citations omitted).

Enough of the material facts are undisputed in this case for the court to conclude that Magee was intoxicated, that he made threatening gestures at the arresting officers, that he pled guilty to intimidation, that he refused to comply with Officer Stitsworth's repeated orders to put his legs into the police car so he could be taken to the jail, and that Officer Stitsworth tased Magee once in the leg to encourage him to comply with that order. Given that Magee failed to comply with a reasonable and necessary order, some level of force was valid to effectuate this arrest. It may be that Officer Stitsworth had other options, such as physical force, available to him to effectuate the arrest. But the option chosen by Officer Stitsworth is objectively justified and within the range of acceptable responses to Magee's intransigence. Accordingly, further inquiry would amount to second-guessing Officer Stitsworth, which *Graham* precludes.

For the foregoing reasons, the court **GRANTS** the defendant's motion for summary judgment (DE 48), and **DIRECTS** the clerk to enter judgment in favor of the defendants and against the plaintiff.

**SO ORDERED**.

ENTERED: December 22, 2009

                                        s/ Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT